[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-11896
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 8, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00562-CR-T-30-MAP

UNITED STATES OF AMERICA,

                                             Plaintiff-Appellee,

                     versus

GERMAN DE ARMAS,

                                             Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 8, 2006)

**ON PETITION FOR REHEARING**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

No judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Fed. R. App. P. 35, accordingly, rehearing en banc is DENIED. Appellant's petition for panel rehearing is GRANTED. We VACATE our prior opinion in this case and substitute the following in its place:

German De Armas appeals his 135-month sentence and convictions for possession with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count 1), and conspiracy to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of § 1903, (a), (g), (j), and § 960(b)(1)(B)(ii) (Count 2). The 135-month sentence De Armas received was the lowest possible term within the applicable 135 to 168 months' advisory Guidelines range.

On appeal, De Armas argues that: (1) his sentence was unreasonable in light of the 18 U.S.C. § 3553(a) factors and the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005);[1] and (2) the district court's imposition of

_____

[1]We have already rejected the government's argument that we do not have jurisdiction to review the reasonableness of a sentence within the advisory Guidelines range. See United States v. Martinez, --- F.3d ---, 2006 WL 39541 *3 (11th Cir. Jan. 9, 2006) (rejecting government's argument that this Court lacks jurisdiction to review sentences for reasonableness under 18 U.S.C.

2

sentence and retroactive application of <u>Booker</u> violated <u>ex post facto</u> and due process principles.[2]  After careful review, we affirm.

We "review for unreasonableness" a sentence imposed post-<u>Booker</u>. <u>Booker</u>, 543 U.S. at ___, 125 S.Ct. at 765 (quotation and alteration omitted); <u>see also</u> <u>United States v. Crawford</u>, 407 F.3d 1174, 1178 (11th Cir. 2005) (noting that "<u>Booker</u> established a 'reasonableness' standard for the sentence finally imposed

---

§ 3742); <u>see also</u> <u>United States v. Mickelson</u>, --- F.3d ---, 2006 WL 27687 *2 (8th Cir. Jan. 6, 2006) (same).

[2]    As for De Armas's argument that the district court lacked subject-matter jurisdiction over the instant case because the Maritime Drug Law Enforcement Act ("MDLEA") represented an <u>ultra vires</u> exercise of Congressional power under the Piracies and Felonies Clause of the Constitution, after <u>de novo</u> review, we discern no error.  <u>Cf.</u> <u>United States v. Perez</u>, 956 F.2d 1098, 1011 (11th Cir. 1992) (reviewing issue of district court's subject matter jurisdiction <u>de novo</u>).  The Constitution empowers Congress "[t]o define and punish Piracies and Felonies on the high Seas, and Offenses against the Law of Nations."  U.S. Const., art. I, § 8, cl. 10.  We have noted that "this circuit and other circuits have not embellished the MDLEA with [the requirement of] a nexus [between a defendant's criminal conduct and the United States]."  <u>United States v. Rendon</u>, 354 F.3d 1320, 1325 (11th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1035 (2004);  <u>see also</u> <u>United States v. Moreno-Morillo</u>, 334 F.3d 819, 824 (9th Cir. 2003) (holding that Congress acted within constitutionally conferred authority in enacting MDLEA); <u>United States v. Ledesma-Cuesta</u>, 347 F.3d 527, 532 (3d Cir. 2003) ("Congress had authority to enact [the MDLEA], pursuant to its constitutional power to: 'define and punish Piracies and Felonies committed on the high seas, and Offenses against the Law of Nations.'  Inasmuch as the trafficking of narcotics is condemned universally by law-abiding nations, we see no reason to conclude that it is 'fundamentally unfair' for Congress to provide for the punishment of persons apprehended with narcotics on the high seas." (quoting <u>United States v. Martinez-Hidalgo</u>, 993 F.2d 1052, 1056 (3d Cir. 1993))).  Simply put, the district court did not err by failing to hold <u>sua sponte</u> that the MDLEA was unconstitutional because Congress had exceeded its authority under the Piracies and Felonies Clause.

We also must reject DeArmas's argument that the MDLEA is unconstitutional in light of <u>United States v. Gaudin</u>, 515 U.S. 506 (1995).  As De Armas recognizes, we expressly addressed and rejected his position in <u>United States v. Tinoco</u>, 304 F.3d 1088 (11th Cir. 2002).  Because "only the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision," we must follow <u>Tinoco</u>.  <u>See</u> <u>United States v. Marte</u>, 356 F.3d 1336, 1344 (11th Cir. 2004) (discussing prior-precedent rule).

3

on a defendant"). In making our reasonableness review, we consider the final sentence, in its entirety, in light of the § 3553(a) factors. See United States v. Winningear, 422 F.3d 1241, 1245 (11th Cir. 2005) ("We do not apply the reasonableness standard to each individual decision made during the sentencing process; rather, we review the final sentence for reasonableness."). We review de novo a defendant's claim that his sentence violated ex post facto principles. See United States v. Abraham, 386 F.3d 1033, 1037 (11th Cir. 2004), cert denied, 126 S. Ct. 417 (2005).

First, De Armas argues that his sentence was unreasonable in light of the § 3553(a) factors and the Supreme Court's decision in Booker.[3] As for his claim that the district court did not adequately consider all of the § 3553(a) factors, we recently held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324,

---

[3] In support of this claim, De Armas highlights the presence of the following factors as supporting a sentence below the advisory Guidelines range: (1) he has no criminal history; (2) the sentence that he suggested, 108 months' imprisonment, adequately would have reflected the seriousness of the offense and provided both specific and general deterrence; (3) he played a small role in a large conspiracy; (4) he received a significantly higher sentence than his codefendants based solely on the fact that he was the captain of the vessel; and (5) his base offense level was the same base offense level as that of a "'kingpin' of a large-scale organization," even though he had no equity or ownership interest in the drugs, was not earning a commission off of the sale of the drugs, and did not have a leadership position in the larger drug organization

1329 (11th Cir. 2005). Accordingly, a district court's failure to express reference each and every one of the § 3553(a) factors does not constitute error under Booker.

In any event, here, at the sentencing hearing, the district court expressly stated that it had considered all of the factors in § 3553(a). Although the district court did not detail the weight that it had accorded to each individual sentencing factor, it was not required to do so. See Scott, 426 F.3d at 1329. On this record, we are satisfied with the district court's express statements that it had considered De Armas's codefendants' sentences, see § 3553(a)(6), as well as the facts that De Armas had no equity interest in the drugs, no role in the distribution of the drugs, and no role in the planning of the conspiracy. All of these facts were raised before the district court and plainly the court considered them. Simply put, De Armas's sentence was not unreasonable and is fully supported by the district court's sentencing considerations and factual findings. We can find no Booker error in the district court's consideration of the § 3553(a) factors here.

We likewise are unpersuaded by De Armas's argument that the district court violated ex post facto and due process principles when it sentenced him to 135 months' imprisonment because the maximum sentence that the district court could have imposed based solely on the facts charged in the indictment was 87 months'

5

imprisonment.[4]   De Armas recognizes that we rejected a similar argument in United States v. Duncan, 400 F.3d 1297 (11th Cir.), cert. denied, 126 S. Ct. 432 (2005).   In that case, the defendant argued that retroactively applying the remedial holding of the Booker decision -- which allows for sentence enhancements based upon judicial fact-finding so long as the guidelines are applied in an advisory manner -- did not give him "fair warning" of the potential sentence, and thus, acted as an ex post facto law, in violation of his due process rights.   Duncan, 400 F.3d at 1307.

In Duncan, like here, the essence of the defendant's argument sought retroactive application of Booker's Sixth Amendment holding, but not its remedial holding.   Id. at 1306.   We concluded Duncan had "sufficient warning" that life imprisonment was a potential consequence to his actions to satisfy due process and ex post facto concerns because, at the time of the offense, (1) the applicable statute provided for a sentence of life imprisonment; (2) the Guidelines provided that a judge would engage in fact-finding to determine sentence and could impose a

_____

[4]To the extent De Armas suggests that the district court violated his Sixth Amendment rights by enhancing his sentence based on facts that were not alleged in his indictment or admitted by him, the district court did not err by finding facts supporting extra-verdict enhancements since it sentenced De Armas under an advisory guidelines scheme. See United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (rejecting a defendant's argument that, under an advisory guidelines scheme, the Sixth Amendment prohibits a sentencing court from finding facts supporting extra-verdict enhancements).

sentence of life imprisonment; and (3) although mandatory Guidelines were in place, the law of this Circuit then recognized the United States Code as the source of the maximum sentence, which, in Duncan's case, was a life sentence. Id. at 1307-08.[5] De Armas recognizes that our holding in Duncan is dispositive here and suggests that Duncan was wrongly decided. According to our well-established prior-precedent rule, "[o]nly the Supreme Court or this Court sitting en banc can judicially override a prior panel decision." United States v. Wright, 392 F.3d 1269, 1280 (11th Cir. 2004) (internal quotations and citations omitted), cert. denied, 125 S.Ct. 1751 (2005). Thus, pursuant to Duncan, we find no ex post facto or due process violation based on application of the Booker decision.

**AFFIRMED**.

---

[5]The "fair warning" factors of Duncan also are present here. When De Armas committed the drug offenses, (1) the maximum term of imprisonment for De Armas' offenses was life imprisonment, see 21 U.S.C. § 960(b)(1)(B)(ii); (2) the Guidelines informed De Armas that a judge would engage in fact-finding to determine his sentence and could impose a sentence of up to life imprisonment, see 18 U.S.C. § 3551, et seq. (providing that the sentencing court could consider specified factors, including the guidelines, in imposing sentence); and (3) the relevant maximum at the time when De Armas committed his offense was the statutory maximum enacted in the United States Code, not the maximum established pursuant to the guidelines. See Duncan, 400 F.3d at 1308.