[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2006
THOMAS K. KAHN
CLERK

No. 05-11037

D. C. Docket No. 04-20606 CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MERCEDES SUAREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(June 8, 2006)**

Before DUBINA and KRAVITCH, Circuit Judges, and MILLS*, District Judge.

PER CURIAM:

---

*Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Appellant Mercedes Suarez ("Suarez") appeals her 24-month sentence imposed after a jury convicted her of one count of using unauthorized access devices, 18 U.S.C. § 1029(a)(2), and two counts of using a false social security number in a credit card application, 42 U.S.C. § 408(a)(7)(B). On appeal, Suarez argues that the district court violated her *ex post facto*, due process and indictment clause rights by sentencing her under an advisory, as opposed to a mandatory guidelines regime.

The issues presented on appeal are (1) whether the district court's imposition of sentence and retroactive application of *Booker* violated *ex post facto* and due process principles; and (2) whether the district court's retroactive application of *Booker*[1] violated the defendant's Fifth Amendment indictment clause right.

"We review constitutional challenges to a sentence *de novo.*" *United States v. Chau*, 426 F.3d 1318, 1321 (11th Cir. 2005).

After reviewing the record and reading the parties' briefs, we affirm Suarez's sentence based on our recent cases of *United States v. Thomas*, No. 05-14151 (11th Cir. Apr. 26, 2006) and *United States v. DeArmas,* No. 05-11896

---

[1]*United States v. Booker*, 543 U.S. 220 (2005).

(11th Cir. May 8, 2006), where we rejected the same arguments Suarez makes here.

**AFFIRMED.**