[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 12, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10700
Non-Argument Calendar
_____

D. C. Docket No. 03-60213-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC CLARKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 12, 2005)**

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Erick Clarke, a federal prisoner who pled guilty to unlawfully attempting to

re-enter the United States without consent in violation of 8 U.S.C. § 1326(a), appeals *pro se* the district court's dismissal of his post-conviction motion to dismiss his indictment based on lack of jurisdiction.[1]  Finding no error, we affirm.

More than a year after Clarke was sentenced for the foregoing offense, he moved to dismiss the underlying indictment on the grounds that it was jurisdictionally defective and had been constructively amended.  The district court, finding that Clarke's case was closed and that more than a year had passed since sentencing, determined it lacked jurisdiction to decide the motion and therefore dismissed it.[2]  On appeal, Clarke identifies no source of subject matter jurisdiction that would have empowered the district court to reach the merits of his motion.  Clarke nevertheless contends that he is entitled to dismissal of the indictment because: (1) the indictment should have contained an allegation of willfulness; (2) Clarke was charged with and pleaded guilty to "attempted reentry," but the written plea agreement and the judgment of conviction describe his offense as one of unlawful re-entry and do not use the term "attempt"; and (3) the attribution of this "[un]indicted offense" to Clarke violates *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, 543 U.S. ___,

---

[1]  While appellant's first name is spelled "Eric" in various parts of the record, appellant uses the spelling "Erick" in his brief.

[2]  Although the dismissal was without prejudice to refiling under 28 U.S.C. § 2255, the district court noted–and it is uncontroverted on appeal–that such a filing would be time-barred.

125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

A district court's subject matter jurisdiction is subject to *de novo* review. *See United States v. Perez*, 956 F.2d 1098, 1101 (11th Cir. 1992) (per curiam). Clarke essentially claims that his indictment was so defective as to fail to invoke the district court's jurisdiction or state an offense. Generally, a motion alleging a defect in an indictment must be raised before trial, "but at any time while the case is *pending*, the court may hear a claim that the indictment . . . fails to invoke the court's jurisdiction or to state an offense." FED. R. CRIM. P. 12(b)(3)(B) (emphasis added). By the time Clarke moved to dismiss his indictment, he had already pled guilty and been sentenced–and the period to appeal the conviction and/or sentence had long since passed. *See* FED. R. APP. P. 4(b)(1).[3] Thus, Clarke's case was not "pending" within the meaning of Rule 12(b)(3)(B) when he filed his motion to dismiss, and the district court correctly refused to entertain the motion. *See United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam) (holding that district court properly denied Rule 12(b) motion where proceeding that led to prisoner's conviction was no longer pending); *United States v. Wolff*, 241 F.3d 1055, 1056-57 (8th Cir. 2001) (per curiam) ("After final judgment was entered and Wolff did not file a direct appeal, the proceedings were no longer pending.").

---

[3] Indeed, this Court previously dismissed Clarke's instant appeal *sua sponte* as untimely, to extent the appeal challenged his conviction and sentence.

3

Moreover, Clarke's motion was effectively a collateral attack upon his sentence, and he may not circumvent habeas requirements by presenting his challenge under a different guise. *Cf. Patton*, 309 F.3d at 1094.

Upon review of the record, consideration of the parties' briefs, and for the reasons stated above, we affirm the district court's dismissal of Clarke's post-conviction motion to dismiss the indictment.

**AFFIRMED.**