[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2008
THOMAS K. KAHN
CLERK

No. 07-12726
Non-Argument Calendar
_____

D. C. Docket No. 03-14028-CR-KMM

UNITED STATES OF AMERICA,

                                            Plaintiff-Appellee,

                    versus

EDGAR JOE SEARCY,

                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 27, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Edgar Joe Searcy appeals pro se the district court's order denying his motion in arrest of judgment pursuant to Federal Rule of Criminal Procedure 34. On appeal, Searcy argues that his Rule 34 motion was not untimely because it challenged the district court's subject-matter jurisdiction. Further, he maintains that the district court had an obligation to raise the issue sua sponte because it involved a jurisdictional defect.

A district court's subject-matter jurisdiction "is a question of law and, therefore, subject to *de novo* review." *United States v. Perez*, 956 F.2d 1098, 1101 (11th Cir. 1992) (per curiam). A defendant must file a motion to arrest judgment "within 7 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere." Fed. R. Crim. P. 34(b). The court may grant an extension of time to file a motion, so long as the party requests the extension within the time period originally prescribed for the underlying motion. Fed. R. Crim. P. 45(b)(1)(A). Moreover, the district court may consider an untimely motion where the party's failure to act was the result of excusable neglect. Fed. R. Crim. P. 45(b)(1)(B).

The time period to file a Rule 34 motion to arrest judgment is jurisdictional. *See Massicot v. United States*, 254 F.2d 58, 61 (5th Cir. 1958) (affirming the district court's dismissal of defendant's untimely Rule 34 motion where no

2

extension of time was granted).[1]  Thus, a defendant's failure to move for arrest of

judgment within Rule 34(b)'s prescribed seven-day period, without having been

granted an extension of time, divests the district court of jurisdiction to rule on the

motion.  *See id.*

Searcy filed his motion to arrest judgment on April 17, 2007—more than

three years after he entered his guilty plea on September 26, 2003—without ever

having moved under Rule 45(b)(1)(A) for an extension of time to file.  Thus,

under Rule 34's plain language, Searcy's motion was untimely because it was filed

more than seven days after the entry of his guilty plea.  While the district court

could have entertained the motion upon a showing of excusable neglect under

Rule 45(b)(1)(B), Searcy did not advance such an argument below and does not

argue so now.  Thus, the district court lacked jurisdiction to consider Searcy's

Rule 34 motion to arrest judgment.

Because Searcy filed his Rule 34 motion pro se, "we have a duty to liberally

construe [his] assertions to discern whether jurisdiction to consider his motion can

be founded on a legally justifiable base." *Sanders v. United States*, 113 F.3d 184,

187 (11th Cir. 1997) (per curiam) (internal quotation marks omitted).  In his Rule

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

34 motion, Searcy argues that the district court lacked subject-matter jurisdiction because the indictment failed to set forth each element of the offense. Thus, Searcy's motion may be liberally construed as a Rule 12(b)(3)(B) motion alleging a defect in the indictment.[2] Generally, motions alleging a defect in the indictment must be made before trial. Fed. R. Crim. P. 12(b)(3)(B). Except upon a showing of good cause, a defendant waives any Rule 12(b)(3) defense, objection, or request not raised by the district court's pretrial motion deadline or other extension provided by the district court. Fed. R. Crim. P. 12(e). A defendant does not have good cause warranting relief from waiver when he had all the information necessary to bring a 12(b) motion before the date set for pretrial motions. *United States v. Ramirez*, 324 F.3d 1225, 1228 n.8 (11th Cir. 2003) (per curiam). Nevertheless, the district court may, "at any time while the case is pending, . . . hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B).

Yet, even when we construe Searcy's pro se motion as one made pursuant to Rule 12(b)(3)(B), his motion remains untimely. Just as Searcy has failed to show

---

[2] Federal Rule of Criminal Procedure 12(b)(3)(B) provides, in relevant part, that a motion alleging a defect in the indictment must be made before trial, but that the court may hear a claim that the indictment fails to invoke its jurisdiction at any time while the case is pending. Fed. R. Crim. P. 12(b)(3)(B).

excusable neglect to invoke Rule 45(b)(1)(B), he has not demonstrated good cause to justify his failure to file his motion challenging the indictment before trial. To the extent that Searcy's motion argues that the indictment failed to state an offense invoking the district court's jurisdiction, Searcy may have been entitled to raise the objection during the pendency of the proceedings. *See* Fed. R. Crim. P. 12(b)(3)(B). While we have yet to formally decide precisely when a case ceases to be "pending" within the meaning of Rule 12(b)(3)(B), it is clear that when Searcy filed his motion in arrest of judgment—at the conclusion of his 28 U.S.C. § 2255 collateral attack on his conviction and sentence—his case was no longer "pending," and the district court was without subject-matter jurisdiction to entertain it.[3] By raising his challenge to the indictment after the district court

---

[3] In two unpublished opinions, we have held that a case is no longer pending under Rule 12(b)(3)(B) after the time period for direct appeal has passed. *See United States v. Felder*, 220 F. App'x 951, 951 (11th Cir. 2007) (per curiam) (case no longer "pending" within meaning of Rule 12(b)(3)(B) after we affirmed the defendant's conviction and the Supreme Court denied certiorari); *United States v. Clarke*, 150 F. App'x 969, 970 (11th Cir. 2005) (per curiam) (case no longer "pending" after the defendant had pled guilty, district court had imposed sentence, and the period for direct appeal had lapsed).

Of our sister circuits that have addressed this issue, the Eighth Circuit has consistently held that a district court may not notice jurisdictional challenges to the indictment after the petitioner files the motion after an unsuccessful post-conviction appeal under § 2255 because the conviction and sentence are no longer pending within the meaning of Rule 12(b)(3)(B) [formerly Rule 12(b)(2)]. *See, e.g.*, *United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam) (citing cases). Also, the Third Circuit has rejected a *pro se* petitioner's attempt to nullify his conviction through a motion to dismiss the indictment on procedural grounds finding that "there is no general right, other than on collateral attack, to challenge a conviction or indictment after the defendant pleads guilty." *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).

denied his § 2255 motion to vacate, Searcy has improperly attempted to circumvent federal habeas requirements. *See* 28 U.S.C. § 2255(h) (applicants must move this Court pursuant to 28 U.S.C. § 2244 for an order authorizing district court to consider second or successive § 2255 motion).

Because Searcy failed to file the Rule 34 motion in arrest of judgment within seven days after entering his guilty plea, without excusable neglect, and waited until the conclusion of his post-conviction appeal to raise jurisdictional challenges to his indictment, the district court lacked subject-matter jurisdiction to entertain his motion. For these reasons, we **AFFIRM** the district court's denial of Searcy's Rule 34 motion and **DISMISS** Searcy's outstanding motions as moot.

**AFFIRMED.**