[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 03 2008
THOMAS K. KAHN
CLERK

No. 07-12988
Non-Argument Calendar

_____

D. C. Docket No. 07-00004-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD MOONEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 3, 2008)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Reginald Mooney, a federal prisoner, appeals his 37-month

sentence imposed following his guilty plea for escaping from a facility in which he was lawfully confined, in violation of 18 U.S.C. § 751(a).

Mooney was originally convicted for possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Mooney was sentenced on March 6, 2003, to 125 months imprisonment for that offense and was committed to serve his sentence in the United States Penitentiary Camp. On December 11, 2006, a prison employee observed an unidentified person throw a bag over the camp fence to Mooney. The employee confronted Mooney, and demanded the bag as well as Mooney's prison identification card. Mooney gave the employee the bag, jumped across the fence, and then fled into the community. The United States Marshals eventually apprehended Mooney on December 13, 2006.

At sentencing, the court reviewed Mooney's criminal history scoring, noting that he had a criminal history category of VI. The court then stated that Mooney was a career offender, his adjusted offense level was 14, and his Guidelines imprisonment range was 37 to 46 months imprisonment. In addition to asking the court to sentence him within the applicable Guidelines range as though he were not a career offender, Mooney asked the court to run the sentence concurrently to his pre-existing sentence. Mooney acknowledged that U.S.S.G. § 5G1.3 advised the

court to run his sentence consecutively to his current sentence; however, he stated that the court had the statutory authority to run any sentence concurrently. The court ultimately sentenced Mooney to 37 months imprisonment, stating that, "[p]ursuant to [s]ection 5G1.3(a) of the guidelines, this sentence is imposed to run consecutively to the undischarged term of imprisonment" for his 2003 firearm possession conviction.

The court then stated that it was sentencing Mooney to the low-end of the applicable Guidelines range because: (a) Mooney otherwise exhibited good behavior while in prison; (b) his decision to escape appeared to be impulsive and unplanned, and if he had thought about the consequences of escaping, he probably would not have done so considering that he was a "sufficiently intelligent" person; and (c) he surrendered to law enforcement officers without resistance, and he did not attempt to flee when confronted by them. The court also noted that, although a sentence at the high end of the applicable Guidelines range would have been justifiable, "a little mercy [might] be in order." The court then stated that:

> I also think that the guideline range and the sentence that I have imposed are fair and reasonable considering the sentencing factors set forth in [18 U.S.C. § 3553(a)], specifically the nature and circumstances of the offense and the history and characteristics of the Defendant.
>
> . . . . And I'm required by the guidelines under the circumstances of the case to impose a sentence that is consecutive to

3

the sentence that he was serving at the time of his escape, and I think a sentence of roughly three years sends a sufficient message to other inmates at the camp what it's going to cost them if they try to escape when they are serving a sentence like that of Mr. Mooney.

At the conclusion of the hearing, Mooney mentioned the fact he had not received needed medical care while in custody for the instant offense, and the court noted that it considered that fact when it decided to impose a low-end sentence. Mooney then stated that he had no objections to the court's ultimate findings, its Guidelines calculations, his sentence, or the manner in which it was pronounced.

On appeal, Mooney argues that considering: (a) the unplanned and nonviolent nature of his escape; (b) his peaceful surrender to law enforcement officers; (c) his otherwise good conduct while in prison; (d) the "oppressive" conditions of his pretrial incarceration; and (e) the additional sanctions he will suffer for the same conduct, such as the loss of "good time" credits, the district court abused its discretion in failing to order that his sentence run concurrently to his pre-existing sentence. He asserts that in determining whether multiple terms of imprisonment are to run concurrently or consecutively, the sentencing court is required to consider the factors set forth in 18 U.S.C. § 3553(a). Mooney claims that, while the court considered the § 3553(a) factors in determining that a low-end sentence was appropriate, it did not consider the factors with respect to its decision to run his sentence consecutively. Mooney contends that consideration of the

4

applicable § 3553(a) factors mitigate in favor of a concurrent sentence, and the court's failure to consider these factors in deciding whether to impose a concurrent sentence is an abuse of discretion.     We review the district court's application of the Guidelines *de novo*. *United States v. Bidwell*, 393 F.3d 1206, 1208-09 (11th Cir. 2004). Additionally, the imposition of consecutive rather than concurrent sentences is an issue of law subject to plenary review. *United States v. Perez*, 956 F.2d 1098, 1101 (11th Cir. 1992). "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). However, in determining whether to impose a concurrent or consecutive term, the district court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b); *see also United States v. Ballard*, 6 F.3d 1502, 1505 (11th Cir. 1993) (explaining that district court's discretion in deciding whether sentence will run consecutively or concurrently is tempered by requirement that court consider § 3553(a) factors). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," the need to provide adequate deterrence to criminal conduct, the kinds of sentence and the applicable sentencing range, and any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3553(a)(1), (2)(B), (4), (5). Section 5G1.3(a), the Guidelines provision used to determine whether to

impose a consecutive or concurrent sentence on a defendant subject to an undischarged term of imprisonment, provides in pertinent part that:

> If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(a) (2006). Application Note 1 states that, "[u]nder subsection (a), the court shall impose a consecutive sentence when the instant offense was committed while the defendant was serving an undischarged term of imprisonment or after sentencing for, but before commencing service of, such term of imprisonment." *Id.*, comment. (n.1).

Additionally, in *Ballard*, 6 F.3d at 1506, we held that both 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3(a) "evince a preference for consecutive sentences when imprisonment terms are imposed at different times."

Here, we conclude from the record that the district court did not abuse its discretion when it ordered Mooney's sentence to run consecutively to his pre-existing sentence. The court sentenced Mooney to 37 months imprisonment and indicated that his sentence was imposed to run consecutively. The court then specifically took the § 3553(a) factors into account in justifying its reasons for imposing a low-end sentence. The court considered the history and characteristics

6

of Mooney when it indicated that he exhibited good behavior while in prison, was a "sufficiently intelligent" person, and was denied needed medical care while in pretrial custody. The court also considered the nature and circumstances of the offense when it noted that Mooney peacefully surrendered to law enforcement officers upon being confronted by them. Additionally, the court discussed how Mooney's sentence would send a sufficient message to other inmates at the camp regarding the potential consequences of escaping. Also, the court considered the applicable Guideline, U.S.S.G. § 5G1.3(a), in deciding to impose a consecutive sentence. Contrary to Mooney's argument that the court failed to consider the § 3553(a) factors with respect to its decision to impose a consecutive sentence, the record shows that the court's decision to sentence Mooney consecutively flowed logically from its decision to impose a low-end sentence. Further, as shown above, Mooney's consecutive sentence reflected consideration of the 18 U.S.C. § 3553(a) factors. Thus, we conclude that the district court did not abuse its discretion when it imposed a consecutive sentence. Accordingly, we affirm Mooney's sentence.

**AFFIRMED.**