[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2009
THOMAS K. KAHN
CLERK

No. 09-10353
Non-Argument Calendar

_____

D. C. Docket No. 08-00036-CR-1-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON PATRICK PATTERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 30, 2009)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Jason Patrick Patterson appeals his 120-month sentence imposed after he pled guilty to: conspiracy to receive, possess, and transfer an unregistered machine gun, in violation of 18 U.S.C. § 371; aiding and abetting receipt and possession of an unregistered machine gun, in violation of 26 U.S.C.§§ 5812, 5845(a) and (b), 5861(d), and 5871, and 18 U.S.C. § 2; aiding and abetting the transfer of an unregistered machine gun, in violation of 26 U.S.C. §§ 5812, 5845(a) and (b), 5861(e), and 5871, and 18 U.S.C. § 2; and unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Patterson committed the federal offenses between March 7 and March 16, 2006.  The district court directed Patterson's 120-month sentence run consecutive to his undischarged state sentence of life plus 120 years' imprisonment, which he received based on his actions during a March 25, 2006, home invasion.  This appeal raises the following issues: (1) whether the district court plainly erred in applying U.S.S.G. § 5G1.3(c) and directing Patterson's federal sentence run consecutive to his state sentence, and (2) whether the district court imposed an unreasonable sentence by directing Patterson's federal sentence run consecutive to his undischarged state sentence.

I.

Patterson first  argues the district court erred in applying U.S.S.G. § 5G1.3(c) and directing his federal sentence run consecutive to his state sentence.

2

He contends the district court should have directed his federal sentence run concurrent to his undischarged state sentence pursuant to § 5G1.3(b).

We review *de novo* a district court's determination a defendant's sentence should run consecutively to his undischarged state sentence. *United States v. Fuentes*, 107 F.3d 1515, 1520 (1997). However, we review issues not raised before the district court for plain error. *United States v. Gerrow*, 232 F.3d 831, 835 (11th Cir. 2000). Under plain error review, we may, in our discretion, correct an error where (1) an error occurred, (2) the error was plain, (3) the error affects substantial rights, and (4) "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 113 S. Ct. 1770, 1777-79 (1993).

Section 5G1.3 of the Federal Sentencing Guidelines provides, in relevant part:[1]

> (b)  If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

---

[1]  Subsection (a) of U.S.S.G. § 5G1.3 is not discussed because the parties agree, and it is clear, it does not apply in this case.

(1)    the court shall adjust the sentence for any period of imprisonment already served on the discharged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2)    the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c)    (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(b), (c) (2008).

"Sections 5G1.3 and 1B1.3 interact to protect a criminal defendant from duplicative prosecutions . . . These sections seek 'to provide one, uniform punishment for the same criminal activity.'" *United States v. Bidwell*, 393 F.3d 1206, 1209 (11th Cir. 2004) (citing *Fuentes*, 107 F.3d at 1522). When evaluating whether two or more offenses are part of the same course of conduct as provided for under U.S.S.G. § 1B1.3, the sentencing court should consider the degree of similarity between the offenses, the regularity (repetition) of the offenses, and the time interval between the offenses. U.S.S.G. § 1B1.3, cmt. n.9(B); *see also Fuentes*, 107 F.3d. at 1525.

Here, Patterson relies upon our decision in *Fuentes* for the proposition the district court erred by failing to *sua sponte* treat his state offenses as part of the same course of conduct as his federal offenses pursuant to § 1B1.3.[2] This argument lacks merit because, unlike the offenses in *Fuentes*, Patterson's state and federal offenses were not "nearly identical," and there is no indication the offenses "were committed with clear regularity." *See Fuentes*, 107 F.3d at 1525. While Patterson and his co-defendant did possess two of the firearms present during the March 16 weapons transaction, the March 25 home invasion also involved kidnaping, aggravated assault, and armed robbery. The present case is also distinguishable from *Fuentes* because this case did not involve "a deliberate attempt by the Government to manipulate the application of the sentencing guidelines." *Bidwell*, 393 F.3d at 1211. Accordingly, the district court did not plainly err by applying § 5G1.3(c) in this case.

## II.

Patterson next argues, even if § 5G1.3(c) applies, the district court disregarded its ability to impose a concurrent sentence. He contends the district

---

[2] In *Fuentes*, the district court sentenced the defendant to a federal sentence to run consecutively to an undischarged state court one, in which both cases involved the dismantling of automobiles to sell their parts for money. 107 F.3d at 1516. This Court concluded the conduct underlying the state and federal offenses constituted the same course of conduct and held the federal sentence was to run concurrently with the state sentence. *Id.* at 1525.

court's failure to impose a concurrent sentence resulted in an unreasonable sentence.

The imposition of consecutive rather than concurrent sentences is an issue of law subject to plenary review. *United States v. Perez*, 956 F.2d 1098, 1101 (11th Cir. 1992). In determining whether to impose a concurrent or consecutive term, the district court must consider, *inter alia*, the factors set forth in 18 U.S.C. § 3584 (referencing § 3553(a)), the type and length of the undischarged sentence, the time served on the undischarged sentence, and any other relevant circumstances. U.S.S.G. § 5G1.3, cmt. n.3. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). We have concluded 18 U.S.C. § 3584 "evince[s] a preference for consecutive sentences when imprisonment terms are imposed at different times." *United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993).

"We review the final sentence imposed by the district court for reasonableness." *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007). The reasonableness standard is synonymous with the abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). In considering the § 3553(a) factors, the district court need not discuss each of them individually. Rather, "an

acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Ordinarily, we would expect a sentence within the guideline range to be reasonable. *Id.* at 788.

Here, the district court considered the length of Patterson's undischarged state sentence prior to imposing the federal sentence. The district court also discussed other factors relevant under § 3584. For example, the district court stated it had fashioned the federal sentence to address "the goals of deterrence, punishment, and incapacitation and the violent nature of the defendant," and it noted it had taken into account the § 3553(a) factors. Furthermore, the sentence was within the guideline range. Based on the district court's consideration of the relevant factors and the facts of this case, we conclude the district court did not err in directing Patterson's federal sentence run consecutive to his undischarged state sentence, and Patterson's federal sentence is not unreasonable. Accordingly, we affirm.

**AFFIRMED.**