[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10135
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:10-cv-60189-PAS

DR. MASSOOD JALLALI,

                                                    Plaintiff-Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF EDUCATION,
UNITED STATES DEPARTMENT OF EDUCATION,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 16, 2011)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Massood Jallali appeals the district court's dismissal of his *pro se*

complaint, filed pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, seeking declaratory judgment and a writ of mandamus compelling the U.S. Department of Education ("DOE") and the Secretary of Education ("Secretary") to act on his written allegations regarding Nova Southeastern University's ("Nova") refusal to award him a medical degree. In his complaint, Jallali claimed that the Secretary failed to perform his duty by not investigating and resolving Jallali's allegations that Nova acted arbitrarily and capriciously in refusing to issue him a degree. The district court granted the defendants' Rule 12(b)(6) motion and dismissed Jallali's complaint.

On appeal, Jallali argues that the district court erred in dismissing his complaint because his claims were not barred by the doctrine of collateral estoppel. He explains that state court litigation addressed whether Nova had acted in an arbitrary and capricious manner in refusing to issue him a medical degree; it did not implicate the Secretary's duties to enforce the student loan Program Participation Agreement ("PPA") between Nova and the DOE. Jallali concedes that he has no private right to enforce the PPA. Instead, he argues that he has the right to make a written complaint to the Secretary or the DOE regarding a participating institution's compliance with the PPA, and that the Secretary has a duty to investigate such a complaint.

2

We may affirm on any ground supported by the record, regardless of whether the district court relied upon or considered that ground below. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam). We review the district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) *de novo*, applying the same legal standards as the district court. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). *Pro se* pleadings are held to a less stringent standard than pleadings filed by lawyers and, thus, are construed liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Although the district court did not address jurisdictional issues in dismissing Jallali's complaint, we must examine whether the district court had jurisdiction. *United States v. Alabama*, 791 F.2d 1450, 1454 (11th Cir. 1986); *see also Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003). "The subject matter jurisdiction of the district court is a question of law and, therefore, subject to *de novo* review." *United States v. Perez*, 956 F.2d 1098, 1101 (11th Cir. 1992) (per curiam).

In his complaint, Jallali cited the APA as authority for granting relief, but the APA does not provide an independent basis for subject matter jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977). Rather, the federal question

3

statute, 28 U.S.C. § 1331, confers jurisdiction on federal courts to review agency action. *Id.* at 105.

The APA provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. A valid APA claim must challenge "agency action," which includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). The APA provides, in pertinent part, that a reviewing court shall: "(1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 5 U.S.C. § 706(1), (2)(A).

"If the claim challenges a failure to act, it falls under 5 U.S.C. § 706(1), which allows courts to compel agency action unlawfully withheld or unreasonably delayed." *Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 877 (11th Cir. 2009) (internal quotation marks omitted). A court may take action pursuant to § 706(1) only where "'an agency failed to take a *discrete* agency action that it is *required to take.*'" *Id.* at 877–78 (*quoting Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004)). A "failure to act" does not include a "denial." *S. Utah*

4

*Wilderness Alliance*, 542 U.S. at 63.

"If the claim attacks an agency's action, instead of its failure to act, and the statute allegedly violated does not provide a private right of action, then the 'agency action' must also be a 'final agency action.'" *Fanin*, 572 F.3d at 877 (quoting § 704). To be considered final, an agency's action (1) "must mark the consummation of the agency's decisionmaking process"; and (2) "must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Nat'l Parks*, 324 F.3d at 1236 (internal quotation marks omitted). Federal jurisdiction is lacking "when the administrative action in question is not 'final' within the meaning of 5 U.S.C. § 704." *Id.*

In his complaint, Jallali claimed that the Secretary failed to perform his duty by refusing to investigate and resolve Jallali's allegations regarding Nova's refusal to award him a degree; thus, Jallali asked the court to enter a declaratory judgment and issue a writ of mandamus compelling the Secretary to act. Because Jallali challenged an agency action, *i.e.*, the DOE's denial of his request to investigate his claims, Jallali's APA claim falls under § 706(2). *See* 5 U.S.C. § 706(2) (providing that a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ."). While this agency action appears to

5

be the end of the agency's decisionmaking regarding Jallali's administrative complaint, the action is not one "by which rights or obligations have been determined, or from which legal consequences will flow." *See Nat'l Parks*, 324 F.3d at 1236. The DOE's letter merely informed Jallali that it did not have authority to give him the relief that he requested; it did not otherwise affect his legal rights or interests. Therefore, the agency action is not "final" for the purposes of the APA. Moreover, Jallali has provided no legal authority for his contention that the DOE was obligated or empowered to order Nova to award him a degree. Therefore, to the extent that he sought to bring a claim under § 706(1) based on the DOE's failure to act, his claim fails because there was no legally required agency action. *See S. Utah Wilderness Alliance*, 542 U.S. at 64.

Because the agency action that Jallali challenged was not "final" or "required" for purposes of the APA, the district court lacked jurisdiction over his complaint.[1]

**AFFIRMED.**

---

[1] Jallali also challenges the district court's limitation of discovery prior to its ruling on the defendants' motion to dismiss. In light of the district court's lack of jurisdiction over Jallali's complaint, we need not consider his challenge to the court's limitation of discovery.