[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12942
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 7:07-cr-00025-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO MCCLOUD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 17, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Alfonso McCloud appeals *pro se* the district court's denial of his motion to compel the government to file a Federal Rule of Civil Procedure 35(b) motion for post-sentencing substantial assistance. Because we conclude that the district court properly determined that it lacked jurisdiction, we affirm.

In 2007, McCloud pleaded guilty to possession with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). In his written plea agreement, McCloud waived his right to appeal or otherwise collaterally challenge his sentence unless it exceeded the guidelines range, and he agreed to cooperate with authorities. The government promised to consider whether his cooperation prior to sentencing warranted a motion for a downward departure under U.S.S.G. § 5K1.1. If his cooperation occurred after sentencing, the government indicated that it would consider filing a motion for a reduction in sentence under Rule 35(b). The plea agreement specifically explained that "the determination as to whether the defendant has provided 'substantial assistance' rests solely with the government."

McCloud provided assistance prior to sentencing, and the government filed a § 5K1.1 motion. At sentencing, a different Assistant U.S. Attorney appeared. The district court considered the § 5K1.1 motion and departed downward from

McCloud's sentencing range of 262 to 327 months' imprisonment. The court sentenced McCloud to a term of 260 months.

In 2010, McCloud filed the instant motion alleging that he provided additional assistance after sentencing and thus was entitled to a sentence reduction under Rule 35(b). The district court dismissed the motion for lack of subject matter jurisdiction. McCloud now appeals, arguing that (1) the government breached the plea agreement and the district court had jurisdiction to consider his claim, and (2) he did not receive full credit for his pre-sentencing assistance because a new Assistant U.S. Attorney handled his sentencing.

We review a district court's subject matter jurisdiction *de novo*. *United States v. Perez*, 956 F.2d 1098, 1101 (11th Cir. 1992). We also review *de novo* whether the district court can compel the government to file a substantial assistance motion. *United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993). Generally, the government has the power, but not the duty, to file a motion to reduce sentence when a defendant has provided substantial assistance to the government. *Wade v. United States*, 504 U.S. 181, 185 (1992); *United States v. McNeese*, 547 F.3d 1307, 1309 (11th Cir. 2008). The government's refusal to file a Rule 35(b) motion can be reviewed by the district court, and the district court

can grant relief, only if it finds that the government's refusal was based on an unconstitutional motive, such as race or religion. *Wade*, 504 U.S. at 185–86.

Here, McCloud did not allege that the government refused to file a substantial assistance motion because it had an unconstitutional motive. Instead, he belatedly alleged that the prosecution refused to file such a motion in bad faith despite his post-sentencing assistance.[1] The district court correctly determined that it lacked jurisdiction to grant McCloud relief.

McCloud's reliance on *Santobello v. New York*, 404 U.S. 257 (1971), is misplaced. As this court explained in *Forney*, *Wade*, not *Santobello*, applies to claims such as McCloud's. *See Forney*, 9 F.3d at 1499 n.2. Moreover, McCloud cannot show any breach of the plea agreement. Under the terms of the plea agreement, the government need only consider filing a Rule 35(b) motion, and determination as to whether McCloud provided substantial assistance was solely within the government's purview. Accordingly, the district court properly denied McCloud's motion, and we need not reach the merits of his claim on appeal.

**AFFIRMED.**

---

[1] Because the district court properly determined that it lacked jurisdiction to consider McCloud's motion, we do not consider his claim that the substitution of a different Assistant U.S. Attorney violated his due process rights.