[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12612
Non-Argument Calendar
_____

D.C. Docket No. 3:96-cr-00080-LC-MD-1


UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

STEVEN ANTHONY GRAHAM,

                                                    Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 26, 2013)

Before TJOFLAT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

        Steven Anthony Graham, a federal prisoner proceeding pro se, appeals the

district court's denial of his motion titled "Motion to Review Government's

Refusal to Consider Defendant's Requests to Provide Substantial Assistance After Jury Trial."  In 1997, Graham was found guilty after a jury trial of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846.  Graham filed the instant motion in 2012, pursuant to 18 U.S.C. § 3582(b) and (c), and Fed.R.Crim.P. 35(b), alleging that, at sentencing, the government responded to his request to provide substantial assistance by saying that it was "too late," since Graham had opted for trial.  Graham alleged that the government's refusal to consider his request was "retaliatory and vindictive," and sought to punish him for exercising his constitutional right to a jury trial.  The district court denied Graham's motion, and two days after that order, the government responded that the district court lacked jurisdiction to consider Graham's motion.

On appeal, Graham argues that: (1) the district court erred in failing to hold an evidentiary hearing, and determining that it lacked jurisdiction under Rule 35(b), because he is not required to have provided substantial assistance to receive an evidentiary hearing on the lack of the opportunity to provide his assistance; and (2) the court violated his due process rights and abused its discretion by improperly incorporating the government's untimely response into the proceedings without affording Graham an opportunity to reply.  After careful review, we affirm.

We review a district court's jurisdiction de novo.  United States v. Perez, 956 F.2d 1098, 1101 (11th Cir. 1992).  Except to the extent provided by federal

2

statutory provisions controlling sentencing and the Federal Rules of Criminal Procedure, district courts do not have the authority to modify a prisoner's sentence. United States v. Diaz-Clark, 292 F.3d 1310, 1315-18 (11th Cir. 2002). According to Rule 35(b), a district court may, upon motion of the government, reduce or correct a defendant's sentence after sentencing if the defendant provided substantial assistance in investigating or prosecuting another person. Fed.R.Crim.P. 35(b). As a general principle, however, the government has "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185 (1994). Absent a motion by the government, a federal court has no authority to grant a sentence reduction. United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009).

Moreover, given the discretionary nature of a Rule 35 motion, federal courts only have authority to review a prosecutor's refusal to file a substantial-assistance motion or grant a remedy if the refusal was based on an unconstitutional motive, such as race or religion. Wade, 504 U.S. at 185-86. While "a showing of assistance is a necessary condition for relief, it is not a sufficient one." Id. at 187. Judicial review is appropriate only "when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." United States v. Forney, 9 F.3d 1492, 1502 (11th Cir. 1993) (emphasis omitted). The only

3

possible exceptions to this limitation on judicial authority are when a plea agreement unequivocally requires the government to file a substantial-assistance motion, or where an oral promise to do so induces a defendant to plead guilty. Id. at 1499 n.2, 1502 n.5; see also Santobello v. New York, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled"). A defendant is not entitled to an evidentiary hearing simply because he "claims to have provided substantial assistance or . . . makes only generalized allegations of an improper motive." Dorsey, 554 F.3d at 961.

As an initial matter, because Graham failed to raise any argument on appeal concerning the district court's denial of his motion for reconsideration, he has abandoned this issue. United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (holding that when a defendant fails to offer argument on an issue, that issue is abandoned). Additionally, although Graham asserts that the district court improperly incorporated the government's response to his motion into the record, which was filed after the district court issued its order, his argument is without merit. As the record shows, the government filed its response to Graham's motion on April 6, 2012, two days after the court issued its order, because it was unaware that the court already had entered its order. Moreover, Graham had the opportunity to challenge the government's arguments in his motion for reconsideration, and,

4

therefore, he failed to show that he was prejudiced by the government's filing its response after the issuance of the court's order.

As for the merits of his claims, the district court properly denied Graham's Rule 35 motion, since the court lacked the authority to grant a sentence reduction or to compel the government to file a substantial-assistance motion. Graham never entered into a plea agreement with the government, but instead was convicted by a jury in 1997. It is undisputed that the government never filed a Rule 35 motion to reduce Graham's sentence, and that Graham did not actually provide substantial assistance to the government. Wade, 504 U.S. at 187. Instead, Graham argues that the government wrongfully refused to allow him the opportunity to provide substantial assistance.

Assuming that the Forney exceptions apply here -- even though Graham was convicted after a jury trial and did not have a plea agreement requiring the government to consider filing a substantial-assistance motion -- Graham has failed to make a substantial showing that the government's refusal to file a substantial-assistance motion was based on a constitutionally impermissible motive, such as his race or religion. See Forney, 9 F.3d at 1502. Graham vaguely alleges that the government made a single comment at his sentencing hearing that Graham was "too late" to be considered for a motion for substantial assistance because he had opted to go to trial. But even if Graham had presented an unconstitutional motive

sufficient to support review, he has failed to put forth any evidence to demonstrate that the government actually possessed or acted based on this impermissible motive. As a result, he has failed to provide a "substantial showing," which precludes the district court from reviewing the government's decision not to file a Rule 35(b) motion. See id. Furthermore, because there was no substantial showing of an unconstitutional motive, the district court did not abuse its discretion in declining to conduct an evidentiary hearing on Graham's motion. See United States v. Winfield, 960 F.2d 970, 972 (11th Cir. 1992) (reviewing a district court's decision not to hold an evidentiary hearing for abuse of discretion).

Accordingly, the district court did not err in denying Graham's instant motion for lack of jurisdiction, and we affirm.

**AFFIRMED.**

6