[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15045
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cr-10022-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO MARTIN CAYASSO HILLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 5, 2018)

Before WILSON, JORDAN, and HULL, Circuit Judges.

PER CURIAM:

The United States Coast Guard (USCG) intercepted Antonio Martin Cayasso Hills in international waters on a vessel transporting between 400 and 700 kilograms of marijuana.  Hills pleaded guilty to possession with intent to distribute and conspiracy to possess with intent to distribute a detectable amount of marijuana while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b).  Hills now appeals his convictions, arguing that the district court lacked subject-matter jurisdiction because the vessel used in his offense was not a "vessel without nationality" within the meaning of the Maritime Drug Law Enforcement Act (MDLEA).

We review claims asserting that the district court lacked subject-matter jurisdiction de novo.  *United States v. Perez*, 956 F.2d 1098, 1101 (11th Cir. 1992) (per curiam).

The MDLEA makes it a crime to possess with intent to manufacture or distribute a controlled substance while on board a covered vessel.  46 U.S.C. § 70503(a)(1).  A "covered vessel" means a vessel subject to the jurisdiction of the United States, *id.* § 70503(e)(1), including a vessel without nationality, *id.* § 70502(c)(1)(A).  The MDLEA provides that the term "vessel without nationality" includes a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not

2

affirmatively and unequivocally assert that the vessel is of its nationality.  *Id.* § 70502(d)(1)(C).

Putting aside the fact that Hills stipulated that there was enough of a factual basis for the district court to exercise subject-matter jurisdiction, the factual proffer supports the exercise of subject-matter jurisdiction over this action.  The facts established that Hills's vessel was without nationality because (1) Hills told the USCG that he was the master of the vessel and identified the vessel as Costa Rican, and (2) the Costa Rican government could neither confirm nor deny registry of the vehicle.  *See id.* § 70502(d)(1)(C).  Moreover, the USCG did not observe any indicia of nationality on the vessel and Hills was not even able to provide the USCG with the name of the vessel, much less any identification documents. Therefore, the district court did not err in determining that the vessel was a "covered vessel" under the MDLEA, and it properly exercised subject matter jurisdiction accordingly.  *Id.* §§ 70503 (e)(1), 70502(c)(1)(A).

**AFFIRMED.**

3