[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-11556
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cr-80136-DMM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GERALD DEMOND RICE,
a.k.a. "G",

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 26, 2020)

Before LUCK, LAGOA and MARCUS, Circuit Judges.

PER CURIAM:

Gerald Rice, proceeding pro se, appeals the district court's dismissal of his

post-judgment motion for lack of jurisdiction under 28 U.S.C. § 2072 and Federal

Rule of Civil Procedure 60.  The government has moved for summary affirmance

and to stay the briefing schedule.  After careful review, we grant the government's motion for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969). An appeal is frivolous if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quotations omitted).

A district court's subject matter jurisdiction "is a question of law, and, therefore, subject to de novo review." United States v. Perez, 956 F.2d 1098, 1101 (11th Cir. 1992).  Generally, a motion alleging a defect in an indictment must be filed pre-trial, but "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2).  A defendant must raise a motion alleging "a defect in instituting the prosecution, including . . . an error in the grand-jury proceeding or preliminary hearing" before trial.  Fed. R. Crim. P. 12(b)(3)(A)(v).

Pursuant to Federal Rules of Criminal Procedure 3 and 4, a complaint may initiate a criminal prosecution of an unindicted person and serve as the basis for his

arrest.  Fed. R. Crim. P. 3, 4.  However, under Federal Rule of Criminal Procedure 9, if an indictment has been returned, a warrant may be issued on this ground alone. Fed. R. Crim. P. 9(a).

Under Federal Rule of Criminal Procedure 6, "[t]he foreperson . . . will record the number of jurors concurring in every indictment and will file the record with the clerk, but the record may not be made public unless the court so orders."  Fed. R. Crim. P. 6(c).  "A grand jury may indict only if at least 12 jurors concur . . . If a complaint or information is pending against the defendant and 12 jurors do not concur in the indictment, the foreperson must promptly and in writing report the lack of concurrence to the magistrate judge."  Fed. R. Crim. P. 6(f).

These rules are consistent with longstanding policies favoring grand jury secrecy.  See Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 218 n.9 (1979) ("Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye."). Moreover, there is a "strong presumption of regularity accorded to the deliberations and findings of grand juries."  United States v. Molinares,700 F.2d 647, 651 n.6 (11th Cir. 1983) (quotations omitted).  "[T]he law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." United States v. R. Enters., Inc., 498 U.S. 292, 300 (1991).

3

Here, there is no substantial question that the district court lacked subject-matter jurisdiction over Rice's post-judgment motion to dismiss his indictment and, even we addressed the merits, there is no substantial question the indictment was valid. First, Rice's criminal case was no longer "pending" within the meaning of Rule 12, since the judgment in his case had been entered; therefore, the district court correctly determined that it lacked subject-matter jurisdiction to consider his motion.

But even if we considered the merits of his motion, Rice's claims are meritless because: (1) no complaint was required to be filed in his case because of the grand jury indictment; (2) there is no requirement that the breakdown of the grand jury vote be made public under Rule 6(c); (3) if there had been fewer than 12 jurors voting, the foreperson would have reported the lack of concurrences to the magistrate judge as required under Rule 6(f), which did not happen in this case; and (4) there is a strong presumption of regularity accorded to the deliberation and findings of grand juries. See Molinares, 700 F.3d at 651 n.6. Further, Rice's claims that the government committed misconduct and that his defense counsel rendered ineffective assistance by allowing the prosecution to continue without a valid indictment are meritless because the indictment was not defective, as we've discussed.

Therefore, because there is no substantial question that the district court lacked subject matter jurisdiction and there is no substantial question that Rice's

4

claims are meritless, we GRANT the government's motion for summary affirmance. See Groendyke Transp., Inc., 406 F.2d at 1162.  Accordingly, we DENY the accompanying motion to stay the briefing schedule as moot.