[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13611

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DERRICK MILLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20836-PCH-2

_____

Before WILSON, ROSENBAUM, and TJOFLAT, Circuit Judges.

PER CURIAM:

Derrick Miller, a *pro se* federal prisoner, appeals the District Court for the Southern District of Florida's order denying[1] his 28 U.S.C. § 2255 motion to vacate and denial of his Rule 59(e) motion for reconsideration. The government has moved for summary affirmance.

In April 2021, Miller filed his original § 2255 motion. The District Court denied that motion on July 5, 2022. Miller appealed the District Court's denial and this Court denied a certificate of appealability. On August 8, 2022, Miller filed the instant motion, titled "Petition to vacate sentence for violation of petitioner's due process and equal protection provision in his Sixth Amendment right to confront his accuser(s) in light of Hemphill v. New York." The District Court denied the petition after construing it as a second or successive § 2255 motion to vacate and finding that Miller had not received permission from this Court to file such a motion.

Miller then filed a Rule 59(e) motion for reconsideration, which the District Court denied, again finding that it lacked subject

---

[1] While the district court should have dismissed rather than denied the case for lack of jurisdiction, we may construe a denial as a dismissal where appropriate, and have done so when the district court lacked jurisdiction. *Cf. Cani v. United States*, 331 F.3d 1210, 1216 (11th Cir. 2003) (construing a dismissal as a denial because the district court possessed subject-matter jurisdiction and should have denied the defendant's motion on the merits).

matter jurisdiction to entertain the petition because it was a second or successive § 2255 motion.  Miller timely appealed.  The government did not file a brief, instead moving for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161–62 (5th Cir. 1969).  A motion for summary affirmance postpones the due date for the filing of any remaining brief until this Court rules on the motion.  11th Cir. R. 31-1(c).

When reviewing a district court's denial of a § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  We review a district court's subject matter jurisdiction *de novo*. *United States v. Perez*, 956 F.2d 1098, 1101 (11th Cir. 1992).  "Federal courts are obligated to look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework."  *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003).

Section 2255 allows federal prisoners to obtain post-conviction relief and set aside prior convictions if they were "imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255.  A federal prisoner may collaterally attack the legality

of his sentence by filing a motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255. "Only a single § 2255 motion is authorized and successive attempts at relief are limited." *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014). "[T]o file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); 28 U.S.C. § 2244(b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris*, 333 F.3d at 1216.

Here, we grant summary affirmance as to the District Court's denial of Miller's motion. The District Court did not err when it construed Miller's petition as an unauthorized second or successive § 2255 motion as Miller raised an additional claim that was available to him when he filed his initial § 2255 motion. *See* 28 U.S.C. § 2255. Miller's motion was titled "Petition to Vacate Sentence," which indicates that it was a new motion to challenge his conviction. Because he did not obtain permission from this Court to file a successive § 2255 motion, the district court lacked jurisdiction to consider his motion. *See Farris*, 333 F.3d at 1216.

Accordingly, the government's motion for summary affirmance is clearly correct as a matter of law. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**