[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13525

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEMETRIUS LEE BANKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:99-cr-00006-AW-GRJ-1

_____

2                    Opinion of the Court                    23-13525

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Demetrius Lee Banks, a *pro se* federal prisoner, appeals the district court's dismissal of his "petition for injunction relief" as an unauthorized successive 28 U.S.C. § 2255 motion to vacate and the denial of his motion for reconsideration. The government moves for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161–62 (5th Cir. 1969).

When reviewing a district court's dismissal or denial of a § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We review a district court's subject matter jurisdiction *de novo*. *See United States v. Perez*, 956 F.2d 1098, 1101 (11th Cir. 1992). And the denial of a motion to reconsider is reviewed for an abuse of discretion. *See United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).

Federal prisoners can move the sentencing court to set aside prior convictions if they were "imposed in violation of the

Constitution or laws of the United States."   28 U.S.C. § 2255(a). "Only a single § 2255 motion is authorized and successive attempts at relief are limited." *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014).  "[T]o file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  *See* 28 U.S.C. § 2244(b)(3)(A).  "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris*, 333 F.3d at 1216.

The district court correctly concluded that Mr. Banks's "petition for injunction relief" to remove allegedly unconstitutional restrictions on his liberty was really a successive § 2255 motion.  Like his first § 2255 motion filed in 2001, D.E. 53, and denied in 2002, D.E. 68—the "petition for injunction relief" challenged his original convictions and sentences as unconstitutional.  Given that Mr. Banks did not seek authorization from this Court to file a successive § 2255 motion, the district court did not err in concluding that it lacked jurisdiction to review the petition.  *See Farris*, 333 F.3d at 1216; 28 U.S.C. § 2244(b)(3)(A).  We find the government's position on this matter clearly right as a matter of law.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

Accordingly, we affirm the district court's dismissal of Mr. Banks' "petition for injunction relief" for lack of jurisdiction and the denial of the motion for reconsideration.

**AFFIRMED.**